## HALLORAN *v.* DEMEAN.

BROKERS—COMMISSIONS—TENDER—PRODUCING BUYER READY, WILL-
ING, AND ABLE.

> In an action by a broker on a written contract to pay a
> commission on the sale of real estate, testimony in be-
> half of plaintiff that he produced a buyer ready, willing,
> and able to buy on the sellers' terms, that a deposit to
> bind the contract until the abstract should be posted to
> date was tendered but that the sellers refused to accept
> the tender and refused to consummate the sale, made a
> case for the jury, and the trial judge was in error in
> directing a verdict in favor of the sellers.

Error to Wayne; Brown (William B.), J., presiding.
Submitted January 5, 1927.     (Docket No. 32.)     De-
cided June 6, 1927.

Assumpsit by Thomas W. Halloran against William
Demean and another for a commission on the sale of
real estate.     Judgment for defendants on a directed
verdict.     Plaintiff brings error.     Reversed.

*Frank C. Sibley* (*Ford P. Brooks* and *Cay A. New-
house*, of counsel), for appellant.

*Ignatius J. Salliotte*, for appellees.

McDONALD, J.     The purpose of this suit is to re-
cover a realtor's commission.     It is based on a written
agreement which gave plaintiff an option to purchase
or to make a sale within a period of 15 days from the
date thereof.     The property involved consisted of
about 19 acres of land in Ecorse township, Wayne
county, Michigan.     The consideration was $39,000,
of which $10,000 was to be paid in cash when an ab-

Brokers, 9 C. J. § 129.

stract showing merchantable title was furnished, and the balance of $29,000 was to be secured by a first mortgage, payable in five years, $5,000 to be paid annually.     The provision of the contract relating to the commission was as follows:

"We agree to accept a deposit under the foregoing terms and to pay Thomas W. Halloran a commission of 5 per cent. when sale is completed and all over the sum of $39,000 received therefor."

No sale was consummated, but the plaintiff claims that he is entitled to the commission because he produced a purchaser willing, able and ready to buy on the terms prescribed in the contract.     That was the issue.     When the plaintiff concluded his case the court directed a verdict of no cause of action and entered judgment for the defendants.     The plaintiff brings error.

We think that the plaintiff's testimony presented a question for the jury.     He produced a purchaser, one Fred D. Rolison, who testified that he was able, willing, and ready to take the property on the defendants' terms.     The plaintiff testified that he went to the defendants and told them:

"I have a purchaser for the property on the terms and conditions of your agreement, but offer you a contract which I believe better protects your interests. However, I am willing, or the buyer is willing to go ahead with the terms and conditions of the agreement."

The testimony shows that several meetings were had thereafter between the parties, and that finally defendants refused to consummate the sale.     Mr. Rolison, the prospective purchaser, testified:

"I said, 'very well, Mr. Demean, to show you that I am acting in good faith, I will make you this tender of $200, as agreed upon.'     I counted out in bills $200 as a tender of good faith, as agreed upon, that he should have before he brought the abstract down.     He

refused to take it and the only reason he gave was that his wife had concluded not to sell the place at all.

"*Q.* Were you able financially to go through with this deal as per Exhibit 1, the original option?

"*A.* Yes, sir.

"*Q.* And were ready to go through with it, were you?

"*A.* Yes, sir.

"*Q.* And willing to?

"*A.* Yes, sir.   *   *   *

"*Q.* Did you offer them a $200 deposit under Exhibit 1?

"*A.* Yes."

In view of these facts no further tender was necessary. The testimony, if believed, warranted a verdict for the plaintiff. The court erred in refusing to submit the case to the jury.

The judgment is reversed, with costs to the plaintiff.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred. BIRD, J., did not sit.